UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOLORES HENRY JURY TRIAL DEMANDED

v. CASE NO. 3:11 CV

MIDLAND CREDIT MANAGEMENT, INC.
MIDLAND FUNDING, LLC

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § l692; the Connecticut Creditor's Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Plaintiff is a natural person who resides in Connecticut.

4. Plaintiff is a consumer within the FDCPA.

5. Each defendant is a debt collector within the FDCPA.

6. In or after 2008, Defendant MCM communicated with plaintiff or others in an effort to collect a personal account identified as being a FCNB-Newport News account which defendants claimed had been purchased by Midland Funding.

7. In August 2008, defendants became was aware that plaintiff was represented by counsel by notice provided to their attorney, Law Offices of Howard Lee Schiff, P.C.

8. In August 2008, defendants became award that plaintiff disputed the account.

9. Defendants continued to communicate directly with plaintiff thereafter, including a letter dated March 31, 2011.

FIRST COUNT

10. In the collection efforts, each defendant violated the FDCPA, § 1692c, -e, or -f.

SECOND COUNT

11. Within three years prior to the date of this action, Defendant Funding engaged in acts and practices as to plaintiff in violation of the Creditors' Collection Practices Act, §36a-645 *et seq.*, or the Consumer Collection Agency Act, § 36a-800 *et seq.* Conn. Gen. Stat.

12. Defendant committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages against each defendant under the FDCPA and $1,000 statutory damages against Funding under the CCPA for each communication;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief and such other and further relief as law or equity may provide.

THE PLAINTIFF



BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net